CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
for Harrisonburg
DEC 07 2009
JOHN F. CORCORAN, CLERK
BY: /s/ 
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

NATHANIEL J. FAUBER, )
   Plaintiff, )
) Civil Action No. 5:09-CV-00072
v. )
)
COMMONWEALTH: CHRISTY )
MONOLO, ) MEMORANDUM OPINION
)
And )
) By: Hon. James C. Turk
ATTORNEY GENERAL'S OFFICE/ ) Senior United States District Judge
ATTORNEY GENERAL, )
   Defendants. )

This matter is presently before the court on the following motions: Plaintiff's Motion for Indirect Contempt of Court (Dkt. No. 2); Plaintiff's Motion for Default Judgment (Dkt. No. 2); : Plaintiff's Amended Motion for Indirect Contempt of Court (Dkt. No. 8); Defendants' Motion to Dismiss (Dkt. No. 9); Plaintiff's Motion of Evidence (Dkt. No. 12); Plaintiff's Second Motion for Indirect Contempt of Court (Dkt. No. 14); and Plaintiff's Motion to File Evidence (Dkt. No. 14). The Court heard oral argument on these motions on November 24, 2009. For the following reasons, the Court hereby **GRANTS** Defendants' Motion to Dismiss (Dkt. No. 9) and **DISMISSES** Plaintiff's motions (Dkt. No.'s 2, 8, 12, and 14) as **MOOT**.

## I. Background

Plaintiff Fauber was previously involved in litigation involving the Virginia National Guard, the Salem Veterans Administration Medical Center, and the Commonwealth of Virginia, among others. Fauber v. Va. Army Nat'l Guard, No. 5:08cv0068, 2009 U.S. Dist. LEXIS 31040

(W.D. Va. Apr. 9, 2009), aff'd, Fauber v. Va. Army Nat'l Guard, No. 09-1831, 2009 U.S. App. LEXIS 20349 (4th Cir. Sept. 14, 2009). Fauber alleges that during the course of the previous litigation several of the defendants engaged in various types of criminal conduct, including "indirect contempt of court," "uncontrolled criminal actions," "mail tampering, computer hacking, and possible Federal Judge Bribery." *Amd. Mot. For Contempt, Pg. 2*. Specifically, Fauber alleges that access to his PACER account was blocked, mail he received from the Attorney General's Office was tampered with, government agents harassed him at both school and work, death threats were made against him, and that government agents intimidated him by claiming to have impermissibly influenced his appeal at the Court of Appeals for the 4th Circuit. *Mot. for Contempt, Pgs. 2-5*. Fauber seeks, as a remedy, the sum of twenty million dollars. Defendants argue that Fauber's Motion For Contempt (hereafter termed "the complaint") should be dismissed because (1) the action is barred by the Eleventh Amendment and the Court, consequently, lacks subject matter jurisdiction, and (2) the complaint fails to state a cause of action for which relief can be granted.

## II. Analysis

Although the Eleventh Amendment is not a limit on the subject matter jurisdiction of this Court, it does bar federal suits for money damages against States, state agencies, and state officials when sued in their official capacity. Because this suit seeks money damages from the Commonwealth of Virginia, the Office of the Attorney General, the Attorney General William C. Mims and Assistant Attorney General Christy Monolo, therefore, the suit must be dismissed pursuant to appropriately asserted claims of Eleventh Amendment immunity. Even if Fauber's complaint, construed broadly as <u>pro se</u> complaints must be, were understood to seek damages from Attorney General Mims or Assistant Attorney General Monolo in their individual

capacities, where Eleventh Amendment immunity does not apply, the complaint would merit dismissal because it fails to state a claim for which relief can be granted.

A. Eleventh Amendment Bars This Suit

It is well-settled law that the Eleventh Amendment precludes lawsuits in federal court against unconsenting states and state agencies. "[T]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens of Subjects of any Foreign State." U.S. CONST. AMEND. XI. Notwithstanding the language of the Eleventh Amendment, it was later deemed to apply equally to suits brought by a State's own citizens in Hans v. Louisiana, 134 U.S. 1 (1890). See also Edelman v. Jordan, 415 U.S. 651 (1974). The Eleventh Amendment has also been interpreted so as to bar claims against state agencies, see Regents of Univ. of Cal. v. Doe, 519 U.S. 425 (1997), as well as state officials in their official capacity, see Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989), so long as the remedy sought remains money damages and not injunctive relief. Cf. Ex parte Young, 209 U.S. 123 (1908). It is only when States, or state agencies, acquiesce to the suit that these actions may be brought in federal court.[1] See Alabama v. Pugh, 438 U.S. 781, 782 (1978) ("There can be no doubt, however, that suit against [a] State and its [agencies] is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit") (citations omitted). Because a State may consent to the filing of such a suit, Eleventh Amendment immunity is best understood *not* as a limit on the

---

[1] For the sake of comprehensiveness, the Court notes that sovereign immunity can also be abrogated by the Congress, but only when properly acting under § 5 of the 14th Amendment. See Seminole Tribe of Fla. v. Florida, 517 U.S. 44 (1996). Potential abrogation is not at issue in this case, however, nor does it relate to whether a 12(b)(1) motion is the proper method of seeking relief.

court's subject matter jurisdiction, but as a separate jurisdictional bar with characteristics of both personal and subject matter jurisdiction.[2]

Nevertheless, the immunity granted by the Eleventh Amendment is not merely a means to "prevent federal court judgments that must be paid out of a State's treasury." Hess v. Port Auth. Trans-Hudson Corp., 513 U.S. 30, 48 (1994). Instead, the Eleventh Amendment, as interpreted by the Supreme Court, is understood to "prevent the indignity of subjecting a State to the coercive process of judicial tribunals…[and thus] is an immunity from suit…not a mere defense against liability." Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144-145 (1993). Correspondingly, issues involving Eleventh Amendment immunity ought to be resolved "as soon as possible after the State asserts its immunity." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474 (4th Cir. 2005).

In the instant case, Fauber has demanded a money judgment from the Commonwealth of Virginia, the Attorney General's Office, and state officials acting in their official capacities. All of these defendants are protected by Eleventh Amendment immunity. Although the defendants have improperly sought dismissal of this case on the basis of a lack of subject matter jurisdiction, they nonetheless have effectively asserted their immunity from suit. Because there is no evidence that the Commonwealth waived this immunity, the Eleventh Amendment protects all of the named defendants from this suit. The Court is obligated to dismiss all of the claims which seek money judgments from the Commonwealth of Virginia, the Attorney General's Office, and the state officials acting in their official capacities.

---

[2] In spite of the language of the Amendment, the Supreme Court has routinely interpreted the Eleventh Amendment to have been the incorporation of the relatively broad, and oft times nebulous, concept of sovereign immunity, and not a limit on the subject-matter jurisdiction of the Federal Judiciary. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984) (stating that the "greater significance [of the Eleventh Amendment] lies in its affirmation that the fundamental principle of sovereign immunity limits the grant of judicial authority"); Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267 (1997) (stating that "the [Eleventh] Amendment…enacts a sovereign immunity from suit, rather than a nonwaivable limit on the Federal Judiciary's subject matter jurisdiction").

### B. Plaintiff Has Failed To State A Claim on Which Relief Can Be Granted

Federal district courts are expected to construe pro se complaints broadly. Here, even if Fauber's complaint were construed as asserting claims against Attorney General William C. Mims and Assistant Attorney General Christy Monolo only in their personal capacity, his claims would still merit dismissal under Federal Rule of Civil Procedure 12(b)(6). "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). Although the complaint and the allegations of the complainant are to be viewed in the light most favorable to the non-moving party, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Moreover, the facts that a plaintiff must allege need to be "plausible on [their] face." Id. at 570.

In the instant case, Fauber has failed to do more than assign labels and conclusions of illegality, while the facts that he alleges are often not plausible on their face. He does nothing more than level accusations of criminality, corruption and conspiracy against all defendants. It is well established, however, that a "complaint does [not] suffice if it tenders naked assertion[s] devoid of further factual enhancements." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations omitted). Fauber may have valid complaints or grievances arising from his disputes with the Virginia National Guard and the Veterans Administration. But this action is not the proper vehicle for advancing whatever administrative grievances he may have, and his complaint does not present a claim upon which relief can be granted. The Court is not required to "conjure up questions never squarely presented to [it]...[and] cannot be expected to construct full blown

claims from sentence fragments." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). Thus, his complaint merits dismissal for failure to adequately state a claim.

C. Fauber's Remaining Motions

Given the disposition of the aforementioned motions, the court must deny Fauber's remaining motions as moot.

An appropriate order shall issue this day. The Clerk of Court is directed to strike the matter from the court's active docket and to send a copy of this memorandum opinion and accompanying final order to Plaintiff and counsel of record for the Defendants.

ENTER: This 7th day of December, 2009.

/s/ James C. Turk
Hon. James C. Turk
Senior United States District Judge